# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| DATACLOUD TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MCAFEE, LLC,<br><br>Defendant. | Civil Action No. <u>2:23-cv-00431</u><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff DataCloud Technologies, LLC (hereinafter, "Plaintiff" or "DataCloud") files this Complaint for patent infringement against Defendant McAfee, LLC (hereinafter, "Defendant" or "McAfee") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of the following United States Patents (collectively, the "Patents-in-Suit") issued by the United States Patent and Trademark Office ("USPTO"), copies of which are attached hereto as **Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E,** and **Exhibit F**, respectively:

| | **U.S. Patent No.** | **Title** |
|---|---|---|
| A. | 6,651,063 | Data Organization And Management System And Method |
| B. | 7,209,959 | Apparatus, System, And Method For Communicating To A Network Through A Virtual Domain Providing Anonymity To A Client Communicating On The Network |
| C. | 7,398,298 | Remote Access And Retrieval Of Electronic Files |
| D. | 8,370,457 | Network Communication Through A Virtual Domain |
| E. | 8,762,498 | Apparatus, System, And Method For Communicating To A Network Through A Virtual Domain |
| F. | RE44,723 | Regulating File Access Rates According To File Type |

2. Plaintiff seeks monetary damages.

## PARTIES

3. DataCloud is a limited liability company organized and existing under the laws of the State of Georgia and maintains its principal place of business at 44 Milton Avenue, Suite 254, Alpharetta, Georgia, 30009 (Fulton County).

4. Based upon public information, McAfee is a limited liability company duly organized and existing under the laws of the state of Delaware since August 14, 1992.

5. Based upon public information, McAfee lists its Corporate Headquarters as 6220 America Center Drive, San Jose, California 95002 (Santa Clara County).

6. Based upon public information, McAfee has established a Regional Headquarters at 17 Cowboys Way, Frisco, Texas, 75034.[1]

7. Based upon public information, McAfee is registered with the Texas Comptroller of Public Accounts to do business in Texas since February 27, 1995.

8. Based upon public information, McAfee may be served through its registered agent, The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

9. Alternatively, McAfee may be served through its registered agent, C T Corporation System, located at 1999 Bryan St., Suite 900, Dallas, Texas, 72501.

## JURISDICTION AND VENUE

10. Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

11. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction

---

[1] https://www.dallasnews.com/news/2023/07/24/mcafee-opens-regional-headquarters-in-frisco/ (visited September 7, 2023)

over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

12.     The Court has personal jurisdiction over McAfee because: Defendant has minimum contacts within the State of Texas and in this District; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this District; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas and within this District, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Texas and in this District.

13.     More specifically, Defendant directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and services in the United States, the State of Texas, and in this District.

14.     Specifically, Defendant intends to do and does business in, has committed acts of infringement in this District directly, and offers its services, including those accused of infringement here, to customers and potential customers located in the State of Texas, including in this District.

15.     Therefore, venue is proper in this District pursuant to 28 U.S.C. §1400(b) because Defendant has committed patent infringement in this District and has an established place of business in this District.

## THE ACCUSED INSTRUMENTALITIES

16.     Based upon public information, Defendant owns, operates, advertises, and/or controls the website www.McAfee.com through which it advertises, sells, offers to sell, provides and/or educates customers about its website hosting platforms.  *See* **Exhibit G.**

17.     Defendant offers at least the following products (hereinafter, the "Accused Products") that infringe one or more claims of the Patents-in-Suit:

- o   McAfee Android App.;
- o   McAfee website infrastructure and its employ of TLS 1.2 and/or 1.3;
- o   McAfee Web Gateway; and
- o   McAfee's Network Security Platform.

18. By letter dated March 21, 2023, Defendant was informed of DataCloud's patent portfolio, including the Patents-in-Suit.

### COUNT I:   INFRINGEMENT OF U.S. PATENT NO. 6,651,063

19. Plaintiff re-alleges and incorporates by reference each of the paragraphs above as though fully set forth in their entirety.

20. U.S. Patent No. 6,651,063 (the "'063 patent") was issued on November 18, 2003 after full and fair examination by the USPTO of Application No. 09/493,911 which was filed on January 28, 2000. *See* Ex. A, at A-1. A Certificate of Correction was issued on February 3, 2004. *See id.* at A-20.

21. The claims of the '063 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve networks and network systems by providing an organization scheme to streamline the process for storage and retrieval of information through a combination of automatic categorization and user influence.

22. The written description of the '063 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

23. DataCloud owns all substantial rights, interest, and title in and to the '063 patent,

including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

24.   DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '063 patent.

25.   Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '063 patent, either literally or under the doctrine of equivalents, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises McAfee Android App

26.   Upon information and belief, the McAfee Android App meets each and every step of at least Claim 4 of the '063 Patent, either literally or equivalently.

27.   Based upon public information, Defendant's provision of the McAfee Android App has infringed one or more claims of the '063 Patent, including Claim 4 because it provides to one or more users a method for storing and controlled access of data in a repository by storing information in an "information pack" (*e.g.*, uploading to servers/saving image files) to which is associated the address of one of a multiplicity of data repositories associated with at least one of the users, a category identifier (*e.g.*, "data" directory), and a provider identifier (McAfee).  The information pack is sent to and stored in the specified data repository and stored there in a custom location reserved for the specified category identifier that is specifically created for the information pack (*e.g.*, file folder in the McAfee Android application is reserved for information), and a custom category identifier (*e.g.*, custom category identifier can be the digital signature for either of the McAfee Android applications) is assigned to the information pack.  The custom category identifier is subsequently used to identify other information packs that should be stored in the same location

based on matching category identifiers (*e.g.*, valid Android APK files contain a signature which allows to identify the author of the APK file, which allows verification that an updated version comes from the same author) by sending a custom category signal to a processing station uniquely associated with said user data repository.

28.  Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

29.  Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT II:  INFRINGEMENT OF U.S. PATENT NO. 7,209,959**

30.  Plaintiff re-alleges and incorporates by reference each of the paragraphs above as though fully set forth in their entirety.

31.  U.S. Patent No. 7,209,959 (the "'959 patent") was issued on April 24, 2007 after full and fair examination by the USPTO of Application No. 09/542,858 which was filed on April 4, 2000.  *See* Ex. B at B-1.

32.  The claims of the '959 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve networks and network systems by anonymizing network activity for individual clients and groups of clients for, among other reasons, security, traffic management, and routing purposes.

33.  The written description of the '959 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from

and improved upon what may have been considered conventional or generic in the art at the time of the invention.

34. DataCloud owns all substantial rights, interest, and title in and to the '959 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

35. DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '959 patent.

36. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '959 Patent, either literally or under the doctrine of equivalents, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises McAfee's website infrastructure.

37. Upon information and belief, McAfee's website infrastructure meets each and every step of at least Claim 1 of the '959 Patent, either literally or equivalently.

38. Based upon public information, Defendant has infringed one or more claims of the '959 Patent, including Claim 1, because McAfee's website infrastructure provides a method of, in response to a request (*e.g.,* "Client Hello") by a client to initiate communication with a destination website (*e.g.,* mcafee.com, www.mcafee.com, forums.mcafee.com), setting up a forwarding session (*e.g.*, from the internet to a WWW server) between the client (*e.g.*, internet device) and a destination server corresponding to the destination website (*e.g.*, WWW server), the forwarding session employing a forwarder disposed between (*e.g.*, a front-end server switch) the client and the destination server to forward packets sent from the client to the destination server and to forward packets sent from the destination server to the client (*e.g.,* bilateral communications);

employing the forwarder (*e.g.,* front-end server switch), to transfer packets (*e.g.*, ethernet or others) between the client (*e.g.*, internet device) and the destination server (*e.g.*, WWW server) during the forwarding session, wherein the forwarding session is set up and implemented such that neither the client or the destination server is aware of the employment of the forwarder (*e.g.*, the WWW server has a direct TCP connection between a local IP address and a client IP address, each being different; thus, neither the client or the destination server is aware of the employment of the forwarder); employing a controller configured to communicate (*e.g.*, firewall) with the forwarder (*e.g.*, front-end server switch) and a domain name server (*e.g.*, a DNS), wherein the controller queries the domain name server to resolve the name of the destination website (*e.g.,* www.mcafee.com, forums.mcafee.com) associated with the destination server (*e.g.*, WWW server) and initiates communication (*e.g.*, between the firewall and front-end server switch) with the forwarder in response to an answer from the domain name server to resolve the name of the destination website associated with the destination server; employing a deceiver (*e.g.*, router) configured to communicate with the controller (*e.g.*, firewall) and the client (*e.g.*, internet device), wherein the deceiver receives the request by the client to initiate communication (*e.g.*, from the internet to the router) with the destination website (*e.g.*, www.mcafee.com forums.mcafee.com on a WWW server) and initiates the controller to query the domain name server to resolve the name of the destination website associated with the destination server (*e.g.*, the router both (i) receives the request and (ii) sends the data from the WWW server in a manner that makes the router appear to be the source of the data, when the source of the data is actually the WWW server); and in response to the controller (*e.g.*, router) receiving the answer from the domain name server and initiating communication with the forwarder initiating the forwarding session.

39. Defendant's aforesaid activities have been without authority and/or license from

Plaintiff.

40. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III: <u>INFRINGEMENT OF U.S. PATENT NO. 7,398,298</u>

41. Plaintiff re-alleges and incorporates by reference each of the paragraphs above as though fully set forth in their entirety.

42. U.S. Patent No. 7,398,298 (the "'298 patent") was issued on July 8, 2008 after full and fair examination by the USPTO of Application No. 11/690,803 which was filed on March 23, 2007. *See* Ex. C at C-1.

43. The claims of the '298 Patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve the retrieval and transmission of data from and/or to a remote server.

44. The written description of the '298 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

45. DataCloud owns all substantial rights, interest, and title in and to the '298 Patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

46. DataCloud or its predecessors-in-interest have satisfied all statutory obligations

required to collect pre-filing damages for the full period allowed by law for infringement of the '298 Patent.

47. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '298 Patent, either literally or under the doctrine of equivalents, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises McAfee's Network Security Platform.

48. Upon information and belief, the Dashboards meet each and every step of at least Claim 13 of the '298 Patent, either literally or equivalently.

49. Based upon public information, Defendant's provision of the McAfee's Network Security Platform as infringed and one or more claims of the '298 Patent, including Claim 13, because the it provides a method for remotely controlling data directory structures (*e.g.*, webpages and functions accessible to discrete users) across at least one communications network (*e.g.*, Internet) that has a computer server (*e.g.*, WWW server), the computer server coupled to the communications network (*e.g.*, Internet); a remote data directory structure management computing application (*e.g.*, the McAfee's Network Security Platform dashboard) operating on the computer server (*e.g.*, WWW server) to process received requests for remote data directory management (*e.g.*, adding users, etc.) of desired data residing in directory structures by participating users (*e.g.*, admins, default users that have been assigned to roles, etc.); and a profile data store (*e.g.*, a secure SQL server/database) comprising information relating to the data and data directory structures (*e.g.*, information on permissions, activations, files, and operations available to users and/or endpoints) accessible to each of the participating users (*e.g.*, various user groups), wherein the profile data store is queried for the data directory structures accessible to each of the participating users (*e.g.*, role definitions indicate directory structure for each role to determine the user's

abilities/permissions/activations), wherein further a single directory structure (*e.g.*, abilities/permissions/activations for users must be selected in the profile/account settings) from among a plurality of the data directory structures associated with the profile data store (*e.g.*, the available profile/account settings for users) is selected by each of the participating users for modification (the invited user can accept the invitation or access).

50. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

51. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT IV: **INFRINGEMENT OF U.S. PATENT NO. 8,370,457**

52. Plaintiff re-alleges and incorporates by reference each of the paragraphs above as though fully set forth in their entirety.

53. U.S. Patent No. 8,370,457 (The "'457 patent") was issued on February 5, 2013 after full and fair examination by the USPTO of Application No. 11/717,911 which was filed on March 13, 2007. *See* Ex. D, at D-1. A Certificate of Correction was issued on March 18, 2014. *See id.* at D-11.

54. The claims of the '457 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve networks and network systems by anonymizing network activity for individual clients and groups of clients.

55. The written description of the '457 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how

the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

56. DataCloud owns all substantial rights, interest, and title in and to the '457 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

57. DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '457 patent.

58. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '457 patent, either literally or under the doctrine of equivalents, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises McAfee's Firewall settings in McAfee web gateway.

59. Upon information and belief, McAfee's Firewall settings in McAfee Web Gateway meets each and every step of at least Claim 9 of the '457 patent, either literally or equivalently.

60. Based upon public information, McAfee's Firewall settings in McAfee Web Gateway has infringed one or more claims of the '457 patent, including Claim 9, through its advanced firewall settings in the Gateway because it establishes a forwarding internet protocol (IP) address (translated IP address) for a pre-defined combination of a client IP address (*e.g.*, 10.10.XX.XX) and a destination IP address (*e.g.*, 168.10.XX.XX), it identifies, in a data request received from the client IP address, the pre-defined combination, and in response to the identifying of the pre-defined combination, forward (*e.g.*, from "Host A" to the NAT Router) the data request via (e.g., commands are configured to translate source addresses to the destination IP address for

all packets with IP destination addresses in the 168.10.XX.XX/24 subnet) the forwarding IP address to the destination IP address (*e.g.,* on "Host B").

61. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

62. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT V:  INFRINGEMENT OF U.S. PATENT NO. 8,762,498

63. Plaintiff re-alleges and incorporates by reference each of the paragraphs above as though fully set forth in their entirety.

64. U.S. Patent No. 8,762,498 (the '498 patent") was issued on June 24, 2014, after full and fair examination by the USPTO of Application No. 13/731,731 which was filed on December 31, 2012. *See* Ex. E at E-1.

65. The claims of the '498 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve networks and network systems by anonymizing network activity for individual clients and groups of clients.

66. The written description of the '498 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

67. DataCloud owns all substantial rights, interest, and title in and to the '498 patent,

including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

68. DataCloud or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '498 patent.

69. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '498 patent, either literally or under the doctrine of equivalents, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises McAfee's web sites that use Transport Layer Security (TLS) version 1.2 or 1.3 ("McAfee's website infrastructure employing TLS").

70. Upon information and belief, McAfee's website infrastructure employing TLS meets each and every step of at least Claim 1 of the '498 patent, either literally or equivalently.

71. Based upon public information, "McAfee's website infrastructure employing TLS has infringed one or more claims of the '498 patent, including Claim 1, because it provides a method of determining, by a controller device comprising a processor (*e.g.*, a router), a destination internet protocol (IP) address from a plurality of categories for virtual names (*e.g.,* mcafee.com, www.mcafee.com, forums.mcafee.com} based on a virtual namespace destination address (*e.g.,* www.mcafee.com) specified by request data received from a device, wherein a category of the plurality of categories is related to the virtual namespace destination address establishing a correlation between the destination IP address and a forwarder IP address of a forwarder device; and instructing the forwarder device to send the request data to the destination IP address. (*e.g.*, through a WWW server and SNI Routing).

72. Defendant's aforesaid activities have been without authority and/or license from

Plaintiff.

73. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT VI: <u>INFRINGEMENT OF U.S. PATENT NO. RE44,723</u>

74. Plaintiff re-alleges and incorporates by reference each of the paragraphs above as though fully set forth in their entirety.

75. U.S. Patent No. RE44,723 (the "'723 patent") was issued on January 21, 2014 after full and fair examination by the USPTO of Application No. 11/818,544 which was filed on June 14, 2007. *See* Ex. F at F-1. The '723 patent is a reissue of U.S. Patent No. 6,907,421. *See id.*

76. The claims of the '723 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve networks and network systems by controlling access to file resources by intercepting system calls and regulating access based on pre-selected criteria.

77. The written description of the '723 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

78. DataCloud owns all substantial rights, interest, and title in and to the '723 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

79. DataCloud or its predecessors-in-interest have satisfied all statutory obligations

required to collect pre-filing damages for the full period allowed by law for infringement of the '723 patent.

80. Based upon public information, Plaintiff is informed and believes that Defendant has infringed one or more claims of the '723 patent, either literally or under the doctrine of equivalents, because it ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises McAfee's Network Security Platform.

81. Upon information and belief, McAfee's Network Security Platform meets each and every step of at least Claim 1 of the '723 patent, either literally or equivalently.

82. Based upon public information, McAfee's Network Security Platform has infringed one or more claims of the '723 patent, including Claim 1, in because it limits resource access one message per second by employing a computer-implemented method for regulating file access rates of processes according to file type, the computer implemented method comprising: intercepting a system call that attempts to access a file is an address table, which is stored as a file that is persistent and saved in nonvolatile memory; determining whether a process that made the intercepted system call is associated with an access rate, corresponding to a type of the file being accessed; in response to the attempt to access the file by the process, determining the associated access rate for the type of the file being accessed; and regulating the process to access of the file at the determined rate.

83. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

84. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

85. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

86. Plaintiff respectfully requests the following relief:

   A. An adjudication that one or more claims of the Patents-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

   B. An award of damages to be paid by Defendant adequate to compensate Plaintiff Defendant's past infringement, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

   C. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

   D. Any further relief that this Court deems just and proper.

Dated: September 19, 2023

Respectfully submitted,

*/s/ James F. McDonough, III*

James F. McDonough, III (GA 117088)*
Jonathan R. Miller (GA 507179)*
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (470) 480-9505, -9517
Email: jim@rhmtrial.com
Email: miller@rhmtrial.com

*Attorneys for Plaintiff DATACLOUD TECHNOLOGIES, LLC*

\* admitted to the Eastern District of Texas

**LIST OF EXHIBITS**
- A. U.S. Patent No. 6,651,063
- B. U.S. Patent No. 7,209,959
- C. U.S. Patent No. 7,398,298
- D. U.S. Patent No. 8,370,457
- E. U.S. Patent No. 8,762,498
- F. U.S. Patent No. RE44,723
- G. Webpage: McAfee - Antivirus, VPN, Identity & Privacy Protection